IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

2008 SEP -8  AM 11: 13

E. Bacon

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. CV408-176 |
| ) | |
| DARWIN KENNETH MORGAN; and ) | |
| D.K. MORGAN CONSOLIDATED LLC ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

The United States of America alleges:

1. This action is brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 – 3619 (the "Fair Housing Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to the United States' allegations occurred in the Southern District of Georgia.

### DEFENDANTS

4. Defendant Darwin K. Morgan ("Morgan") is a resident of Bloomingdale, Georgia.

5. D.K. Morgan Consolidated, LLC, created in 2007, owns numerous mobile home parks in the Bloomingdale, Georgia area. These properties include, but are not limited to, mobile

home parks located at 1401 Bloomingdale Road, 1406 Bloomingdale Road, 1519 Bloomingdale Road, 1521 Bloomingdale Road, 45 Morgan Road, and a mobile home park at Pine Barren Road in Bloomingdale, Georgia ("the subject properties"). Some of these properties may contain more than one rental unit. D.K. Morgan Consolidated LLC owns all of the real property relevant to this action. Morgan is the registered agent and the sole organizer of D.K. Morgan Consolidated, LLC.

6. Prior to the creation of D.K. Morgan Consolidated, LLC, Morgan owned and managed the subject properties. Prior to and after the creation of D.K. Morgan Consolidated, LLC, Morgan has had sole authority to meet with prospective tenants, accept or reject tenants, determine tenancy rules, set rental rates and security deposits, make determinations regarding eviction and dispossessory actions, advertise the properties, and maintain all documents and records regarding the operation of the subject properties.

7. The rental units and mobile home lots at the subject properties are dwellings within the meaning of 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

8. On March 28, 2007, Morgan refused to show an available mobile home to Amanda and Jerald Williams, an interracial couple. Upon seeing Mr. and Mrs. Williams, Morgan shook his head and used words to the effect of, "Y'all need to go somewhere else."

9. On a number of occasions, Morgan told tenants and prospective tenants that he did not rent to African-American or allow them on his property. On many of those occasions, he referred to African-Americans as "niggers."

10. Savannah-Chatham County Fair Housing Council ("SCFHC") is a non-profit agency created in 1994 to provide education, outreach, and enforcement of fair housing in

southern Georgia. As part of its mission to ensure equal opportunity to housing for all persons, SCFHC provides education and outreach on fair housing, assists tenants and homeowners in filing housing discrimination complaints, and conducts testing to obtain objective evidence of housing discrimination.

11. On May 8, 2008, SCFHC conducted a paired test to evaluate the Defendants' compliance with the Fair Housing Act. Testing is a simulation of a housing transaction that compares responses given by housing providers to different types of prospective tenants to determine whether illegal discrimination is occurring. The testing undertaken by SCFHC revealed that the Defendants were engaging in housing practices that discriminate on the basis of race or color by:

    a. Denying the availability of rental units to an interracial couple while at the same time telling a white person about available units;

    b. Refusing to show any rental units to an interracial couple while at the same time showing units to a white person;

    c. Discouraging an interracial couple from applying for a rental unit while at the same time encouraging a white person to apply.

12. From at least 1997 through the present, Defendant Morgan has been subjecting female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment. Such conduct has included, but is not limited to, unwanted verbal sexual advances; unwanted sexual touching; public masturbation; granting and denying tangible housing benefits based on sex; and taking adverse action against female tenants when they refused or objected to his sexual advances.

13. D.K. Morgan Consolidated LLC is liable for the discriminatory conduct of its agent and manager, Defendant Morgan, described above.

## COUNT I

14. The Defendants, through the above-referenced actions, have:

    a. Discriminated by refusing to rent, negotiate for the rental of, or by otherwise making unavailable or denying dwellings to persons because of race or color in violation of 42 U.S.C. § 3604(a);

    b. Discriminated by making, or causing to be made, statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on race or color, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

    c. Discriminated by representing that, because of race or color, dwellings were not available for rental when such dwellings were in fact so available, in violation of 42 U.S.C. § 3604(d).

15. The Defendants' discrimination, on the basis of race or color, as described above, constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. § 3601 et seq.; or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. § 3601 et seq., which raises an issue of general public importance.

16. SCFHC is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), and has suffered damages as a result of the defendants' discriminatory conduct as described above, including the frustration of its mission and diversion of its resources.

17. In addition to SCFHC, African-American and interracial prospective tenants, and persons associated with them, have been injured by the Defendants' discriminatory conduct. Such persons are aggrieved persons as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

18. The Defendants' actions and statements described above were intentional, willful, and taken in disregard for the rights of others.

## COUNT II

19. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-13, above.

20. The Defendants' conduct described above constitutes:

   a. Discrimination in the refusal to rent, negotiate for the rental of, or otherwise making unavailable or denying dwellings to persons because of sex in violation of 42 U.S.C. § 3604(a);

   b. Discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of 42 U.S.C.

§ 3617.

21. The Defendants' discrimination, on the basis of sex, as described above, constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. § 3601 et seq.; or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. § 3601 et seq., which raises an issue of general public importance.

22. SCFHC is an aggrieved person within the meaning of 42 U.S.C. § 3602(i), and has suffered damages as a result of the defendants' discriminatory conduct as described above, including the frustration of its mission and diversion of its resources.

23. In addition to SCFHC, female tenants, prospective tenants, and persons associated with them, have been injured by the Defendants' discriminatory conduct. Such persons are aggrieved persons as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

24. The Defendants' actions and statements described above were intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER that:

1. Declares that the Defendants' discriminatory policies and practices as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. § 3601 et seq.;

2. Enjoins the Defendants, their agents, employees, and successors, and all other

persons in active concert or participation with them from:

    a. Discriminating on the basis of race, color, or sex against any person in any aspect of the rental of a dwelling;

    b. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended; and

    c. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct;

3. Awards monetary damages to each identifiable victim of the Defendants' discriminatory housing practices for injuries caused by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B); and

4. Assesses civil penalties against the Defendants in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(c).

The United States further prays for such additional relief as the interests of justice may require.

Dated: **9-8**, 2008

Respectfully submitted,

MICHAEL B. MUKASEY
Attorney General

*Grace Chung Becker /jke*
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

EDMUND A. BOOTH, JR.
Bar # 068000 (GA)
United States Attorney
Southern District of Georgia

*[signature]*
DELORA L. KENNEBREW
Bar # 414320 (GA)
Assistant United States Attorney
Chief, Civil Division
P.O. Box 8970
Savannah, GA 31412
Tel: (912) 652-4422
Fax: (912) 652-4227

*[signature]*
STEVEN H. ROSENBAUM
Chief
Housing and Civil Enforcement Section
Civil Rights Division

*Kate Elengold*
MICHAEL S. MAURER
Deputy Chief
KATE S. ELENGOLD
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwest Building, 7th Floor
Washington, DC  20530
Tel.: (202) 514-4713
Fax: (202) 514-1116
Kate.Elengold@usdoj.gov